**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| MIKE FULTON, | * | |
| Petitioner, | * | CASE NO. 3:05-CV-33 HL |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 3:99-CR-3 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Fulton's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner was originally indicted in this court on January 28, 1999, and charged with Conspiracy to Possess With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. § 841(a)(1) in Count I; Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(iii), and 18 U.S.C. § 2; and in Count III, Possession of a Firearm by A Convicted Felon in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e)(1). (R-1). Petitioner Fulton was tried by jury upon a Superseding Indictment (R-29) for those offenses and found guilty on October 12, 2000. (R-43,44). He was subsequently sentenced to a total term of imprisonment of 360 months, judgment of which was entered of record on January 18, 2001. (R-56).

Petitioner Fulton successfully moved the court to allow his trial attorney, John J. McArthur, to withdraw "for appeal purposes" (R-61) and proceeded to appeal his convictions and sentence with new counsel, Richard L. Dickson and David W. Griffeth (R-60).  On November 13, 2001, the Eleventh Circuit Court of Appeals affirmed Petitioner Fulton's convictions and sentence as entered upon the record of this court. (R-76).

On April 18, 2005, three years and five months after the decision of the Eleventh Circuit Court of Appeals, Petitioner Fulton has filed his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 presently under consideration. (R-77).

## The AEDPA Statute of Limitations

Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence is time-barred by the AEDPA 1-year statute of limitations contained in 28 U.S.C. § 2255, unless he has legal cause for equitable tolling.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA), in relevant part of 28 U.S.C. § 2255, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Fulton's sentence became final ninety (90) days after the decision of the Eleventh Circuit Court of Appeals, that period being the time provided for filing an application for *writ of certiorari* to the Supreme Court, although Petitioner Fulton did not do so. The Supreme Court has held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Therefore, unless the statute of limitations was equitably tolled, the one-year period within which Petitioner could have filed his § 2255 Motion expired on February 12, 2003, and his present § 2255 Motion, filed on April 18, 2005, is time-barred by more than twenty-six (26) months.

### Petitioner's Claim for Equitable Tolling

Petitioner Fulton contends that his "direct appeal counsel" did not timely notify him "stating he could timely file a petition for rehearing after his direct appeal argument was rejected and (his conviction and sentence) was affirmed on November 13, 2001. . . . Direct appeal counsel notified movant in the week of February 21, 2005, stating his direct appeal argument was rejected and (Petitioner's) conviction was affirmed November 13, 2001, which denied movant his Sixth Amendment right." (R-77 at 5).

The record reflects that, on February 5, 2001, after his conviction, Petitioner Fulton moved the court to allow his trial counsel, John Jay McArthur, "to withdraw for appeal purposes." (R-61). Petitioner had retained appellate counsel Dickson and Griffeth who filed

3

Notice of Appearance and appealed his convictions and sentence. (R-59,60). The Eleventh Circuit Court of Appeals, as noted above, affirmed Petitioner's convictions and sentence on November 13, 2001. (R-76). Petitioner hints at a claim of equitable tolling upon extraordinary circumstances by attaching to his Motion as Exhibit A, a copy of a letter from Attorney Griffeth, dated February 21, 2005, which states the following:

> Dear Mike:
>   I hope you're OK. I have not heard form you in a period of years. When I spoke with Mary recently, she was upset because she was not aware of the 11th Circuit decision in your case entered on November 13, 2001. I am enclosing a copy of that decision. Please note my address and let me know if you want me to do anything further.
>       With kindest personal regards, I remain
>               Very truly yours,
>               S/ David W. Griffeth

Counsel Griffeth's statement that he had not heard from Petitioner Fulton "in a period of years", does not bespeak *due diligence* on Petitioner's behalf to keep up with the status of his case. Pursuant to § 2255 ¶ 6 (4), Petitioner is required to exercise *due diligence* to discover any fact upon which he relies to toll the running of the AEDPA one-year statute of limitations as to his right to file a § 2255 Motion. Petitioner makes no allegation of any act on his part to discovery when and if the Circuit Court had ruled on his appeal, or when his one-year limitations period began and ended. The passage of more than four years from the time of his Notice of Appeal on January 29, 2001 (R-59), and the "period of years" since he contacted his appellate counsel suggests no *due diligence* whatsoever on Petitioner's part.

4

The Circuit Court of Appeals found in *Helton v. Sec. Dept. of Corrections,* 259 F.3d 1310, 1313 (11th Cir. July 2001) that:

> We held in *Steed v. Head,* 219 F.3d 1298 (11th Cir. 2000), that "[a]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling . . . Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficiency to warrant equitable tolling." *Id.* at 1300. [FN] *See also Kreutzer v. Bowerso,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that counsel's confusion about the AEDPA's statute of limitations does not justify equitable tolling); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir. 2000) (same); *Taliani v. Chians,* 189 F.3d 597, 598 (7th Cir. 1999) (holding defense counsel's alleged mistake in calculating the limitations period for filing § 2254 petition did not equitably toll AEDPA one-year statute of limitations).

Consider also the holding of the 7th Circuit Court of Appeals in *Wilson v. Battles,* 302 F.3d 745, 748 (2002):

> Equitable tolling excuses an untimely filing when a Petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). . . . Generally, a lawyer's mistake is not a valid basis for such equitable tolling. *Id.* . . . Wilson's assertion that his petition was only 19 days late does not lend support to his position; the length of the delay in filing has no bearing on this analysis; equitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing. See, e.g., *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (refusing to grant equitable tolling when, due to attorney error, petitioner's claim was filed only one day late).

Likewise, "[I]gnorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence." *Godoski v. United States,*

304 F.3d 761, 762 (7th Cir. 2002).

The foregoing authority shows that Petitioner cannot simply sit in prison and assert that his appellate counsel failed to notify him for a period of four years that his appeal had been decided. He is under a statutory duty to exercise *due diligence* to determine the status of his legal proceedings at all times relative to the AEDPA one-year period of limitation in which he may file a collateral attack on his conviction and sentence. 28 U.S.C. § 2255. Petitioner Fulton has neither alleged nor suggested any *extraordinary circumstance* preventing him from staying in contact with either of his appellate counsel, the District Court, or the Circuit Court, sufficiently to warrant equitable tolling of his one-year statute of limitations for filing a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

In *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002) the Court observed:

> Because it is "an extraordinary remedy," *Steed,* 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). . . . . Since the Court has upheld "the signal purpose animating AEDPA as being the desire of Congress to achieve finality in criminal cases, both federal and state," through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 Petitioner's appellate issues not to "create a loophole which is contrary to the legislative intent of insuring a greater degree of finality."[FN9] *Brackett v. United States,* 270 F.3d 60, 69 (1st Cir. 2001), *cert. denied,* 535 U.S. 1003, 122 S.Ct. 1575 (2002).
>
>> FN9. The judicial concern with equitable tolling is disruption of a congressionally established

6

> statute of limitation through various equitable exceptions susceptible to repetition and expansion:
>
> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

*Jones,* 304 F.3d at 1039. Petitioner Fulton's own conduct, or the lack thereof, defeats his request for equitable tolling of the 1-year period of limitation that expired more than three years and four months before he attempted to file the present § 2255 Motion.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence be DENIED as barred by the statute of limitations contained in 28 U.S.C.§ 2255. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 26th day of April 2005.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE